UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
---------------------------------------------------------------X
ABSEN, INC.,

    Plaintiff / Judgment Creditor & Petitioner,

  -against-

LED CAPITAL, LLC, MARCEL DEKEYZER,

    Defendants / Judgment Debtors,

  and

IC TECHNOLOGIES LLC, and MARCEL DEKEYZER, in his capacity as sole member and owner IC Technologies LLC,

    Respondents.
---------------------------------------------------------------X

Docket No.: 22-2158

**Petition for Charging Order**

Plaintiff / judgment creditor and petitioner Absen, Inc., by and through its counsel Mazzola Lindstrom LLP, alleges as follows for its petition against defendants / judgment debtors LED Capital, LLC, Marcel Dekeyzer, and respondents IC Technologies LLC, and Marcel Dekeyzer, in his capacity as sole member and owner IC Technologies LLC, state as follows:

### Nature of Proceeding

1. Absen, Inc. ("Absen"), having previously obtained a judgment against LED Capital, LLC ("LED") and Marcel Dekeyzer, bring this proceeding to obtain a charging order, directing that IC Technologies LLC ("IC Technologies") – a company wholly owned and managed by judgment debtor Dekeyzer – distribute all company profits to Absen, rather than to Dekeyzer.

### Jurisdiction and Venue

2. Plaintiff / judgment creditor and petitioner Absen is a Delaware corporation, with its principal place of business in Orange County, Florida.

3. Defendant / judgment debtor Dekeyzer is domiciled in, and is a resident of, New Jersey.

1

4. Defendant / judgment debtor LED is a New Jersey limited liability company, with a single member and owner, Dekeyzer.

5. Respondent IC Technologies is a New Jersey limited liability company, with a single member and owner, Dekeyzer.

6. This court has jurisdiction over all defendants because each of them are New Jersey domiciliaries and residents, and operates, conducts, engages in, or carries on a business or business venture in this state, and otherwise engages in substantial and not isolated activity within this state.

7. This court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the parties are diverse and the amount in controversy exceeds $75,000.00.

8. Venue of this action is proper in this district because the defendants' domicile or residence is within this district.

**Facts Germane to Petition**

9. On April 6, 2020, Absen, Inc. obtained a $2,470,168.27 judgment against LED and Dekeyzer from the United States District Court for the Middle District of Florida, under docket number 6:19-cv-905. (See exhibit 1).

10. On July 14, 2020, this court issued a writ of execution against Dekeyzer's residence, located at 64 Rolling Hill Dr., Chatham, New Jersey. (See exhibit 2).

11. Since that date, Dekeyzer has only satisfied $487,653.10 of the judgment, leaving $1,982,515.60 outstanding, exclusive of accrued interest.

12. Absen has not assigned or otherwise transferred its rights to recover on the judgment; as such, Absen remains the holder of an enforceable judgment which has not been satisfied in full against judgment debtors Dekeyzer and LED.

13. Dekeyzer was deposed on July 20, 2020, and revealed during his deposition that he is the sole member and owner of IC Technologies. (See exhibit 3, pp. 69-70).

14. He further revealed that IC Technologies is profitable, and that it distributes profits to Dekeyzer, with the proceeds passing through LED's bank account held by Wells Fargo Bank. (See exhibit 3, pp. 75-76).

15. Dekeyzer revealed that IC Technologies uses the same Wells Fargo bank account as is used by LED. (See exhibit 3, pp. 20, 73, 79-80).

16. According to the New Jersey Secretary of State, IC Technologies is duly registered to do business in New Jersey, and Dekeyzer is its agent for service of process. (See exhibit 4).

17. Contemporaneously with the electronic filing of this petition, notice of its filing shall be provided to LED, Dekeyzer, and IC Technologies via email, the normal manner by which this law firm communicates with Dekeyzer. Of course, in the event Dekeyzer fails to waive personal service, this petition will also be served by delivery to Dekeyzer at his residence.

### Relief Sought

18. Plaintiff / judgment creditor and petitioner Absen repeats and realleges each of the foregoing allegations.

19. A charging order is a recognized remedy under New Jersey law. See *Leonard v. Leonard*, 52 A. 3d 214, 215-217 (NJ Superior Court, Chancery Div. 2012) (typos corrected):

> The question then becomes the extent to which defendant can obtain a lien via judgment and writ of execution upon plaintiff's minority interest in the LLC. The court notes that in 1993, the New Jersey Legislature enacted N.J.S.A. 42:2B-45. This statute governs the rights of a judgment creditor vis-à-vis a debtor who is a member of a limited liability company. Specifically, the Act states in pertinent part:
>
>> On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the limited liability company interest of the member with payment of the unsatisfied amount of the judgment with

interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the limited liability company interest. An action by a court pursuant to this section does not deprive any member of the benefit of any exemption laws applicable to his limited liability company interest. A court order charging the limited liability company interest of a member pursuant to this section shall be the sole remedy of a judgment creditor, who shall have no right under P.L.1993, c.210 (C.42:2B-1 et seq.) or any other State law to interfere with the management or force dissolution of a limited liability company or to seek an order of the court requiring a foreclosure sale of the limited liability company interest. Nothing in this section shall be construed to affect in any way the rights of a judgment creditor of a member under federal bankruptcy or reorganization laws.

*\*\*\**

The court finds that pursuant to the language of N.J.S.A. 42:2B-45, the court may charge plaintiff's ten percent interest in the LLC with payment of the unsatisfied amount of the judgment, with interest. However, defendant as the judgment creditor, only has the rights of an assignee of the limited liability company interest. The entry of judgment in this manner does not deprive any other member of the LLC the benefit of any exemption laws applicable to his or her limited liability interest. Further, the entry of judgment does not provide defendant with the right to interfere with the management of the LLC or force dissolution of the company or foreclosure upon company interests.

Defendant further requests that the court permit issuance of a writ of execution upon plaintiff's minority interest in the LLC. Defendant argues that N.J.S.A. 42:2B-45 does not prohibit issuance of a writ upon judgment. Further, Rule 1:10-3 and Rule 5:3-7 implicitly permits issuance of a writ, in furtherance of public policy supporting enforcement of support obligations and collection of arrears. Defendant argues that a writ will help guarantee that any LLC distributions due to plaintiff in the normal course of business operations, or upon sale of the commercial real estate, will go directly towards payment of plaintiff's support arrears, as the writ will place a priority on payment of this debt ahead of other potential creditors of plaintiff.

The court finds merit in defendant's position. Plaintiff owes substantial support arrears and has no identified assets of substantial value beyond his minority interest in the LLC. Rule 1:10-3 permits defendant to seek enforcement of the judgment of divorce establishing plaintiff's obligation to pay support, and further permits the court to grant additional remedies under Rule 5:3-7. Under Rule 5:3-7, upon a finding that a party has violated an alimony or child support order, the court may grant remedies in addition to those set forth in Rule 1:10-3, including, but not limited to, fixing the amount of arrearages and entering a judgment upon which interest accrues, requiring payment of arrearages on a periodic basis, and "any other appropriate equitable remedy."

> In this case, the court finds the issuance of a writ of execution upon plaintiff's minority interest in the LLC to be an appropriate equitable remedy. The writ is not against the LLC as a whole, but only against plaintiff's minority interest.
>
> The writ will help assure that plaintiff's support obligation is not subsequently subordinated to a claim of a subsequent creditor. Further, the writ will help assure that if the LLC issues financial distributions to plaintiff or sells its major real estate asset, the funds which otherwise would go to plaintiff instead go first towards pay down and liquidation of the support arrearages.
>
> Absent entry of a judgment and writ of execution, defendant and the children might be left with no other effective remedy for collection of support arrears. The expansive nature of Rule 1:10-2 (formerly Rule 1:10-5) was made apparent by the Appellate Division in Roselin v. Roselin, 208 N.J.Super. 612, 618, 506 A.2d 789 (App.Div.1986), which involved disputes concerning delays in the sale of a home. In affirming the trial judge, the Appellate Division emphasized it was within the trial court's discretion to go as far as to appoint a receiver in order to enforce a court order. The goal of Rule 1:10-3 is enforcement and there are few limits in its scope.
>
> The relief sought by defendant is consistent not only with the purpose of the rule, but with public policy supporting enforcement of unpaid support. The duty of parents to provide for the maintenance of their children is a well-established principle under New Jersey law. See Daly v. Daly, 21 N.J. 599, 123 A.2d 3 (1956).
>
> Accordingly, the court grants defendant's application for relief. Judgment is entered on the arrears, and the court authorizes the issuance of a writ of execution against any distributions to plaintiff resulting from his minority membership interest in Blydan Oak Group, LLC.

20. Here, in contrast to the debtor in the *Leonard v. Leonard* case, Dekeyzer is the 100% owner of IC Technologies, not a mere 10% owner.

21. Accordingly, and based upon the foregoing, Absen demands the following relief:

   a) That defendant / judgment debtor Dekeyzer's interest in IC Technologies be charged with a lien until the judgment held by judgment creditor Absen has been satisfied in full.

   b) That distributions made by IC Technologies to judgment debtor Dekeyzer's interest in IC Technologies shall instead be paid immediately to the judgment

creditor Absen c/o its attorneys, Mazzola Lindstrom, LLP, 1350 Avenue of the Americas, 2nd Floor, New York, New York 10019.

c) That judgment debtors LED and Dekeyzer are hereby prohibited from receiving from IC Technologies any money or assets from IC Technologies, whether by way of loans, fees, wages, salary, payment of the obligations of the judgment debtors, such as the judgment debtors' credit cards, or otherwise.

d) That should the judgment debtors LED and Dekeyzer receive or otherwise come into possession, by whatever means, of any moneys or assets from IC Technologies, the judgment debtor shall immediately advise judgment creditor Absen of the same, and immediately remit those moneys or assets to Absen c/o its attorneys Mazzola Lindstrom.

e) That upon judgment debtors LED and Dekeyzer's receipt of any financial information from IC Technologies, including, but not limited to, financial statements, annual statements, notifications of distributions made or to be made, U.S. Internal Revenue Service Form K-1, any other state or federal tax forms or statements, the judgment debtor shall immediately provide a copy thereof to judgment creditor Absen.

f) That the court decree that any violation of this order, whether by a judgment debtor or any other person receiving notice of this order, may be punishable by contempt.

WHEREFORE, it is respectfully requested that the relief requested be granted in its entirety.

Dated: April 13, 2022
      New York, New York

                                              MAZZOLA LINDSTROM LLP

                                              By:   */s/ Hanoch Sheps*
                                                       Hanoch Sheps
                                              1350 Avenue of the Americas, 2nd Floor
                                              New York, New York 10019
                                              *Attorneys for plaintiff / judgment creditor and petitioner Absen, Inc.*
                                              D: (646) 216-8126
                                              hanoch@mazzolalindstrom.com