UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY  DNJ 2:20-mc-136(KM)
MISC. NO. 6:19-cv-00905

WRIT OF EXECUTION FOR REGISTERED

JUDGMENTS

TO THE MARSHAL OF THE UNITED STATE DISTRICT COURT, DISTRICT OF NEW JERSEY:

WHEREAS, judgment was entered on the __6__ day of __April__, 20__20__ in an action in the United States District Court, __Middle District of Florida__ between __Absen, Inc.__ _____ plaintiff(s) and __LED Capital, LLC, Marcel Dekeyzer__ defendant(s) in favor of said __plaintiff__ _____ and against said __defendants__ for the sum of $ ~~5,461,127.56~~ 2,470,168.27 and costs taxed in the sum of $_____ as appears by the judgment filed in the Office of the Clerk of the United States District Court, District of New Jersey; and

WHEREAS, the said judgment was duly entered in the Office of the Clerk of the United States District Court, District of New Jersey, and the sum of $ ~~5,461,127.56~~ $2,470,168.27 plus $_____ taxed costs is now actually due thereon;

THEREFORE, you are hereby commanded to satisfy the said judgment out of the personal property of the said judgment debtor, as set forth in the attached affidavit, and if sufficient personal property cannot be found, then out of the real property belonging to such judgment debtor at the time said judgment was entered in the Office of the Clerk of this Court, or at any time thereafter, in whosoever hands the same may be, as set forth in the attached affidavit and that you do pay the moneys realized by you from such property directly to said __plaintiff__ _____ or to their attorney in the said action, and return this execution and your proceedings thereon within one (1) year after date of its issuance to the Clerk of the United States District Court, District of New Jersey.

WE FURTHER COMMAND YOU, that in case of a sale, you make return of this writ with your proceedings thereon before said Clerk and pay to the Clerk of this Court any surplus in your hands within thirty (30) days after said sale.

WITNESS, the Honorable __Kevin McNulty__, a Judge of the United States District Court, District of New Jersey this __14th__ day of __July__, 20__20__.

William T. Walsh, Clerk
United States District Court

by: _____
Deputy Clerk

Prepared By:
Hanoch Sheps, Esq.
_____

An Attorney at Law

Address: _____
Mazzola Lindstrom, LLP
1350 Avenue of the Americas, 2Fl.
New York, NY 10019

LEVY:
Damages...........$_____
Costs..................$_____
Interest thereon from
_____
Besides Marshal's Execution Fees

MISC. NO. 6:19-cv-00905

DNJ 2:20-mc-136 (KM)

Writ of Execution for Registered Judgments

COUNTY OF Queens :
STATE OF New York :

AFFIDAVIT

Hanoch Sheps _____ being duly sworn, says:

1. I am the attorney for judgment creditor in the matter of Absen, Inc. vs. LED Capital, LLC , Marcel Dekeyzer Misc. Action No. 6:19-cv-00905 , and in that capacity and in conformance with N.J.S. 2A:17-1, et. seq., as made applicable to this case by Rule 69(a), Fed. R. Civ. P., I have caused to be conducted an examination of the assets of judgment debtor Marcel Dekeyzer.

2. I have determined the following non-exempt personal property of the judgment debtor is subject to execution in satisfaction of the judgment therein:

| PROPERTY DESCRIPTION | PROPERTY LOCATION |
|---|---|
|  |  |
|  |  |

3. I have determined the following non-exempt real property of the judgment debtor is subject to execution in satisfaction of the judgment therein:

| PROPERTY DESCRIPTION | PROPERTY LOCATION |
|---|---|
| Residential Home | |
| 64 Rolling Hill Dr.,, Chatham, NJ 07928 | |

(Signature)

Subscribed and Sworn before me this
2 day of July , 20 20
Notary of _____
My Commission Expires 9/6/2022

RETURNABLE ON OR BEFORE

July 14, 2021

Recorded in the Clerk's Office of the United States District Court for the District of New Jersey in Book N20 of Executions, Page 40 .

RICHARD E. LERNER
NOTARY PUBLIC, State of New York
No. 02LE5082...
Qualified in Queens County
Commission Expires September 6, 2022

William T. Walsh, Clerk
by: _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ABSEN, INC.,

       Plaintiff,

v.

                                      Case No: 6:19-cv-905-Orl-40LRH

LED CAPITAL, LLC and MARCEL
DEKEYZER,

       Defendants.

## DEFAULT JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

That default judgment is entered against Dekeyzer, jointly and severally with LED Capital, and in favor of Plaintiff "Absen Inc." on Count III of the second amended complaint in the amount of $2,470,168.27, with interest accruing at twelve percent per annum, as it relates to the First Note for which sum let execution issue.

Date: April 6, 2020

                                            ELIZABETH M. WARREN,
                                            CLERK

                                            s/MJ, Deputy Clerk

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: [signature]
DEPUTY CLERK

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

   (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

   (a) Fed.R.App.P. 4(a)(1): A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) Fed.R.App.P. 4(a)(3): "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) Fed.R.App.P.4(a)(4): If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) Fed.R.App.P.4(a)(5) and 4(a)(6): Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) Fed.R.App.P.4(c): If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).