# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ABSEN, INC.,**<br><br>　Plaintiff and Petitioner,<br><br>　v.<br><br>**LED CAPITAL, LLC and MARCEL DEKEYZER,**<br><br>　Defendants,<br><br>　and<br><br>**IC TECHNOLOGIES LLC and MARCEL DEKEYZER,**<br><br>　Respondents. | Civ. No. 22-02158 (KM) (AME)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

　　This matter comes before the Court on the motion of the plaintiff-petitioner and judgment creditor Absen, Inc. ("Absen"), for a default judgment against defendants-judgment debtors LED Capital, LLC ("LED") and Marcel Dekeyzer, and respondents IC Technologies LLC ("IC Technologies") and Marcel Dekeyzer in his capacity as sole member and owner of IC Technologies, pursuant to Fed. R. Civ. P. 55(b)(2). (DE 8.)[1] This action arises from Absen's petition for a charging order directing that a lien be placed on Dekeyzer's interest in IC Technologies until a judgment Absen holds against LED and

---

[1]　Certain citations to the record are abbreviated as follows:

　　"DE" = docket entry number in this case

　　"Pet." = Plaintiff's Petition for Charging Order (DE 1)

　　"Mot." = Plaintiff's Memorandum of Law in Support of Motion for Default Judgment as to Petition for Charging Order (DE 9)

Dekeyzer is satisfied in full. For the reasons expressed below, the motion is **GRANTED**.

## I. SUMMARY

### a. Factual Allegations

On April 6, 2020, Absen obtained a $2,470,168.27 judgment against LED and Marcel Dekeyzer in the United States District Court for the Middle District of Florida, under docket number 6:19-cv-905. (Pet. ¶ 9, Ex. 1.) On July 14, 2020, the Clerk for this District issued a writ of execution against Dekeyzer's residence in New Jersey. (Pet. ¶ 10, Ex. 2.) Since that date, Dekeyzer has satisfied only $487,653.10 of the judgment, leaving $1,982,515.60 outstanding, exclusive of accrued interest. (Pet. ¶ 11.) Absen has not assigned or otherwise transferred its rights to recover on the judgment and, accordingly, remains the holder of an enforceable judgment which has not been satisfied in full against judgment debtors LED and Dekeyzer. (Pet. ¶ 12.) It does not appear from the papers that any relevant party has filed in bankruptcy.

On July 20, 2020, Dekeyzer revealed in a deposition that he is the sole member and owner of IC Technologies, a company that Dekeyzer testified distributes profits to Dekeyzer through a Wells Fargo bank account it shares with LED. (Pet. ¶¶ 13-15, Ex. 3.) IC Technologies is registered to do business in New Jersey, and Dekeyzer is its agent for service of process. (Pet. ¶ 16.)

### b. Procedural History

On April 13, 2022, Absen filed its petition for a charging order directing that 1) Dekeyzer's interest in IC Technologies be charged with a lien until the judgment held by Absen has been satisfied in full; 2) distributions made by IC Technologies to Dekeyzer's interest shall instead be paid immediately to Absen; 3) LED and Dekeyzer are prohibited from receiving any money or assets from IC Technologies; 4) in the event LED and Dekeyzer receive or otherwise come into possession of any assets from IC Technologies, they shall immediately advise Absen and remit those moneys or assets to Absen; 5) upon LED and Dekeyzer's receipt of any financial information from IC Technologies, they shall

immediately provide a copy thereof to Absen; and 6) violation of the order may be punishable by contempt. (Pet. ¶ 21.) On July 12, 2022, the Clerk entered default. (Entry following DE 7.) On July 21, 2022, Absen filed a motion for default judgment seeking entry of the charging order it requested in its petition. (DE 8). For the reasons stated herein, Absen's proposed order and judgment (DE 9-2) will be entered.

## II. DISCUSSION

### a. Legal Standard

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the [petition] by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### b. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Here, Absen filed its petition on April 13, 2022. (DE 1.) Dekeyzer, LED, and IC Technologies were all properly served on June 2, 2022. (DE 6.) Dekeyzer, LED, and IC Technologies failed to answer or otherwise respond to the petition by the deadline and the Clerk's entry of default was duly noted on July 12, 2022. Therefore, the prerequisites for default have been satisfied.

### c. Three-Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

### i. Factor One: Existence of a Meritorious Defense

As always, evaluation of the first factor is made difficult by the defendant's failure to answer or to oppose the motion for default judgment. Nevertheless, my independent review of the record does not suggest that Absen's petition is legally flawed. Accepting the allegations in the petition as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that Absen is entitled to the relief it seeks.

As Absen has already obtained a judgment against LED and Dekeyzer (Pet. ¶¶ 1, 9, Ex. 1), and already obtained a writ of execution against Dekeyzer as to certain real property he owns in New Jersey (Pet. ¶ 10, Ex. 2), the most

likely defense one might expect Dekeyzer to raise in response to Absen's petition is some sort of showing that he is no longer a member of IC Technologies and is therefore not entitled to distribution of profits from the company. The existence of such a defense is doubtful, however, in light of 1) deposition testimony Absen has submitted to the Court in which Dekeyzer unambiguously states that he is the sole member of IC Technologies (Pet. ¶ 13, Ex. 3 at 69-70),[2] and 2) the fact that Dekeyzer accepted service on behalf of IC Technologies in the present action (DE 6). I therefore find that the record does not indicate that Dekeyzer or either of the corporate entities has a meritorious defense that would weigh against entering a default judgment in favor of Absen.

### ii. Factors Two and Three: Prejudice to Absen and Culpability of Defendants/Respondents

The second and third factors also weigh in favor of default.

Dekeyzer, LED, and IC Technologies were properly served in June 2022, but failed to appear, defend, or otherwise respond to Absen's petition. It is clear that Absen has been prejudiced by this dereliction because it has been "prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that a defendant's failure to answer prejudices the plaintiff).

Additionally, absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the [defendants and respondents'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27,

---

[2] Dekeyzer also testified that IC Technologies is profitable, and that it distributes profits to Dekeyzer, with the proceeds passing through a Wells Fargo bank account also used by LED. (Pet. ¶¶ 14-15, Ex. 3 at 20, 73-80.)

2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment.

### d. Remedies

Absen requests that the Court issue a charging order, placing a lien on Dekeyzer's interest in IC Technologies until the judgment held by Absen has been satisfied in full. (Mot. at 5.)

Fed. R. Civ. P. 69(a)(1) provides that:

> A money judgment is enforced by a writ of execution, unless the courts direct otherwise. The procedure on execution— and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal state governs to the extent it applies.

New Jersey law provides further procedure for collecting a money judgment from the interest of a member of a limited liability company ("LLC"):

> On the application by a judgment creditor of a member, a court may charge the transferable interest of the [LLC] member with payment of the unsatisfied amount of the judgment with interest.

N.J. Stat. Ann. § 42:2C-43; *see also Gov't Emps. Ins. Co. v. Hamilton Healthcare Ctr., P.C.*, No. CV 17-674, 2019 WL 251740, at *1 (D.N.J. Jan. 17, 2019) (citing *Leonard v. Leonard*, 52 A.3d 214, 216 (N.J. Super. Ct. Ch. Div. 2012) (applying the statute to issue a charging order)). I note that a charging order issued under this statute does not give the judgment creditor any rights of control over the LLC's operations; rather, it provides "only the rights of an assignee of the [LLC] interest," namely the right to receive distributions from the LLC. N.J. Stat. Ann. § 42:2C-43; *see also Gov't Emps. Ins. Co.*, 2019 WL 251740, at *1 (citing 16 Audrey M. Weinstein & James W. Kerwin, N.J. Practice Series § 44:8.20 (4th ed., July 2018 update)).

## CONCLUSION

Having heard no objection or defense by Dekeyzer, LED, or IC Technologies, the Court will enter default judgment and grant Absen's application for a charging order. A separate order and judgment will issue.

Dated: January 18, 2023

/s/ Kevin McNulty
**Hon. Kevin McNulty
United States District Judge**